# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| United States of America | ) | |
|     Plaintiff, | ) | Case No. 4:23-CR-00251-BCW |
| | ) | |
| v. | ) | Hon. Wimes |
| Brian Aalbers | ) | |
|     Defendant. | ) | |

## DEFENSE SENTENCING MEMORANDUM

Defendant, by and through undersigned counsel, respectfully submits this memorandum in aid of sentencing. He has accepted responsibility and humbly requests this Honorable Court grant a sentence of twenty years — a reasonable punishment – in light of the circumstances.

## ARGUMENT:

**A.    Twenty years in custody is appropriate in this case.**

First, as this learned Court knows, the guidelines are advisory, and rather than serving to define a case, they are instead a starting point in the sentencing process. *See Gall v. U.S.*, 128 S. Ct. 586, 596 (2007). Worthy of consideration – the guidelines are a factor that cannot be ignored in this case, or any other – nor should they be. However, we ask this Court to consider the fact that they are not presumed to be reasonable in this case, or any other, either. *Nelson v. United States*, 555 U.S. 350, 352 (2009). Finally, we ask this Court to turn to 18 U.S.C. § 3553(a) and apply the outlined standards to determine a reasonable sentence.

According to 18 U.S.C. § 3553(a), the Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) . . . . The Court, in determining the particular sentence, shall consider—"

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and,

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Courts must consider all the factors addressed in 18 U.S.C. § 3553(a) before imposing a sentence. *See Gall v. U.S.*, 128 S. Ct. at 596. In doing so, they "must make an individualized assessment based on the facts presented." *Id.* at 597. This inquiry is based on "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The factors that are relevant will vary as greatly as the individuals that appear before the Court.

**B.    This Court should grant a twenty-year term in prison because a sentence should be no greater than necessary.**

A sentence must be sufficient, but not greater than necessary to afford deterrence, protect the public, and promote respect for the law. 18 U.S.C. 3553 (a)(2)(B), (C). Defendant is definitely remorseful for his actions. Furthermore, significant incarceration is not necessary to promote deterrence, prevent recidivism, or assure he is sufficiently punished.

Defendant is a candidate for the low end of the sentencing range because: 1) He lacks criminal history; 2) He has a long history of serving the needs of significantly challenged children, given his work as a neurologist; 3) He took responsibility without any form of hesitation, whatsoever; and, 4) He did not physically touch anyone, ever, associated with this matter. All of these things will be conveyed to the Court through his testimony at sentencing. It is through his words that we hope this Honorable Court embraces his sincerity and ultimately

allows for a sentence of twenty years, instead of the thirty recommended by the United States Government.

Respectfully,

*/s/ Gregory N. Watt*
Gregory N. Watt, MO Bar No. 60493
The Watt Law Firm/Attorney for Def.
700 Broadway Boulevard
Kansas City, Missouri 64105
Phone: (913) 433-3849
Fax: (816) 919-2945
Email: gwatt@kcmetrodefense.com

## CERTIFICATE OF SERVICE:

I certify that on this __12__ day of _____Feb_____, 2025 a copy of the above was sent via the CM/ECF system to all interested parties.

*/s/ Gregory N. Watt, Attorney for Defendant*